UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF NEW YORK

---

ELAINE L. CHAO, Secretary of Labor, : Civil Action
United States Department of Labor
: File No. 08-cv-00503
                   Plaintiff,       (TJM/DEP)
:
    v.
                                     **CONSENT JUDGMENT**
PRIME BUSINESS GROUP LLC, a corporation :
and FAYYAZ "JIM" QURESHI, Individually and as
Managing Member and Owner        :

                 Defendants        :

---

      Plaintiff, Elaine L. Chao, (the Secretary), has filed her complaint and defendants appeared by Counsel and agree to the entry of this Judgment without contest. Defendants acknowledge their responsibilities pursuant to this Judgment, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Judgment. It is, therefore, upon motion of the attorneys for plaintiff and for cause shown:

I.    ORDERED, ADJUDGED, AND DECREED that defendants Prime Business Group, LLC and Fayyaz "Jim" Qureshi and their officers, agents, employees, successors, and all persons acting or claiming to act in their behalf and interest are permanently enjoined and restrained from violating the provisions of sections 6, 7, and 11(c), of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. §201 *et seq.*), (the Act), in any of the following manners:

A.    Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce,

within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

**B.** Defendants shall pay their employees at one and one-half times their regular hourly rates for all hours worked over 40 per week, and shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 of the Act, unless the employee receives compensation in compliance with the Act.

**C.** Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

**D.** Defendants shall not discharge or in any other manner discriminate against any employee take any retaliatory action against an employee, including soliciting the repayment of minimum wages and overtime compensation paid to any employee, because the employee engaged in or is believed to have engaged in any of the following activities:

a. Discloses, protests, or threatens to disclose or protest, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship.

    c.       Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

II.     IT IS ORDERED, ADJUDGED, and DECREED that defendants Prime Business Group, LLC and Fayyaz "Jim" Qureshi shall pay a Fair Labor Standards Civil Money Penalty of $385.00. The Fair Labor Standards Civil Money Penalty shall be paid no later than December 15, 2008 in a certified check made out to "U.S. Department of Labor" and delivered to:

> U.S. Department of Labor, Wage & Hour Division – Northeast Region
> The Curtis Center, Suite 850 West
> 170 South Independence Mall West
> Philadelphia, PA 19106-3317

Defendants are restrained from withholding the payment of the $3,378.38 in previously unpaid minimum wages and overtime compensation to their employee Loretta Sinsabaugh and are directed to make payment of the compensation as follows:

A.    The Defendants shall pay the $3,378.38 in previously unpaid minimum wages and overtime compensation in seven (7) monthly installment payments consisting of both back wages and post-judgment interest pursuant to the installment plan below. These payments include post-judgment interest calculated at the rate of 4% per annum, totaling $45.05. If the defendants pre-pay the unpaid balance in its entirety, the defendants shall not be liable for the post-judgment interest remaining on the unpaid balance. All installments shall be paid in the form of a certified check or bank check or money order made payable to "Loretta Sinsabaugh or Wage-Hour, Labor" according to the following schedule:

| Installment Due Date: | Wages | Post-Judgment Interest | Total |
| --- | --- | --- | --- |
| 5/15/2008 | $482.63 | $11.26 | $493.89 |

| | | | |
|---|---|---|---|
| 6/15/2008 | $482.63 | $9.65 | $492.28 |
| 7/15/2008 | $482.63 | $8.04 | $490.67 |
| 8/15/2008 | $482.63 | $6.44 | $489.07 |
| 9/15/2008 | $482.63 | $4.83 | $487.46 |
| 10/15/2008 | $482.63 | $3.22 | $485.85 |
| 11/15/2008 | $482.60 | $1.61 | $484.21 |
| TOTALS: | $3,378.38 | $45.05 | $3,423.43 |

and shall be sent to:

> United States Department of Labor
> Syracuse Wage & Hour Area Office
> James M. Hanley Federal Building
> 100 South Clinton Street, Room 1373
> P.O. Box 7245
> Syracuse, NY 13261

**B.** The U.S. Department of Labor shall distribute the installment payments and post-judgment interest to Loretta Sinsabaugh, the employee listed herein, or her personal representatives, in the amounts listed below her name. Neither defendants nor any one on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as minimum wage and overtime under this Judgment. Any sums not distributed to Loretta Sinsabaugh or to her personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §§2041 and 2042.

III. A seven (7) calendar-day grace period shall be allowed for receipt of each payment. In the event that the Department of Labor does not receive any check by the eighth day after which it is due, the Department's representatives shall notify defendants and their attorney Frederick C.

Luther, Esq. by telefax. If the Department of Labor does not receive payment within ten (10) days of such notification, then the entire unpaid balance shall become due immediately and the Court shall appoint a Receiver from a list of names offered by the Secretary or may appoint another Receiver at its discretion. No action or non-action by the Department shall constitute a waiver of this subparagraph.

IV. In the event a Receiver is appointed, it is ORDERED that defendants shall produce to the Court-appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Judgment. In addition, the defendants shall submit to a sworn accounting by an independent certified public accountant and/or the Receiver, and shall testify, if the accountant or Receiver so decides; and it is

V. ORDERED that all the expenses of the accountant or Receiver shall be borne solely by defendants; and it is

VI. ORDERED that if the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied; and it is

VIII. ORDERED that the Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment and Order; and it is

IX. ORDERED that defendants shall place posters provided by the U.S. Department of Labor, Wage and Hour Division with information about the FLSA in areas of any establishment they operate where employees may view them; and

X. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that neither the commencement of this action nor the provisions of this consent judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendants not listed herein, be they current or former employees, to file any action against defendants under section 16(b) of the Act; or likewise for any current or former employee listed in this Consent Judgment to file any action against defendants under section 16(b) of the Act after January 20, 2008.

XI. It is FURTHER ORDERED, ADJUDGED, AND DECREED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Defendants appear by counsel and
consent to the entry of this Judgment.

CORP.
SEAL        PRIME BUSINESS GROUP LLC.

BY: _____
       FAYYAZ "JIM" QURESHI, Individually and as
       Managing Member and Owner

_____
FREDERICK C LUTHER, ESQ.
441 Broad Street
Waverly, NY 14892
(607) 565-2874
(607) 565-7919
Fluther@stny.rr.com
Attorney for Defendants

DATED: May 14, 2008
~~NEW YORK~~, NEW YORK
Binghamton

_____
HONORABLE THOMAS J. McAVOY
UNITED STATES DISTRICT JUDGE